UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff<br><br>v.<br><br>Mayra Yanet Camacho,<br><br>          Defendant | Case No. 2:23-cr-00176-CDS-DJA<br><br>**Order Granting Defendant's Motions for Appointment of Counsel and Leave to File Under Seal**<br><br>[ECF Nos. 10, 11] |

Mayra Camacho began a four-year term of supervised release after completing a sixty-three-month sentence for possession of methamphetamine. ECF No. 5-2 at 2–3. She now moves for the appointment of counsel and for leave to file her financial affidavit under seal. ECF No. 10; ECF No. 11. Because Camacho has demonstrated an inability to afford an attorney, I grant her motions for appointment of counsel. I also grant leave to file her financial affidavit under seal.[1]

**I.   Camacho is entitled to a court-appointed attorney.**

District judges have discretion to appoint counsel for "any person financially unable to obtain adequate representation." LCR 44-1 (citing the Plan for Administration of the Criminal Justice Act (CJA) of 1964). Eligibility for court-appointed counsel is determined by assessing the person's financial affidavit under a deferential standard: "[a]ny doubts about a person's eligibility should be resolved in favor of eligibility." CJA at 7–8. Camacho's financial affidavit confirms her inability to afford an attorney and her need for one to be appointed, so I grant the request to appoint counsel.

---

[1] The court notes that sealings are under Local Rule IA 10-5, not LR 10-5.

## II. Camacho's financial affidavit will remain sealed.

In the Ninth Circuit, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "Nonetheless, access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1175 (9th Cir. 2006). A defendant seeking free appointed counsel has the burden of proof to establish financial status. *United States v. Schmitz*, 525 F.2d 793 (9th Cir. 1975). Therefore Camacho requests to maintain the seal on the personal financial affidavit used in support of her request for counsel. Other courts in the Ninth Circuit and in this district have recognized that traditional sealing standards do not apply to financial affidavits because they are administrative in nature. *United States v. Lexin*, 434 F. Supp. 2d 836, 847–49 (S.D. Cal. 2006) (finding that because "[t]he documents containing the financial information of a [d]efendant requesting appointment of counsel that are submitted to the court are not related to the process of adjudicating whether defendants are guilty or innocent of the crimes on which they are charged," such documents "are not judicial documents" and are instead "administrative documents not subject to disclosure to the public or press"); *see also United States v. Watson*, 2025 U.S. Dist. LEXIS 47405, *3 (D. Nev. Mar. 13, 2025). I agree with this reasoning and adopt it here. Because Camacho's affidavit contains personal financial information that the public does not need access to, I grant her request for leave to file the affidavit under seal.

## III. Conclusion

IT IS THEREFORE ORDERED that Camacho's motions for appointment of counsel and for leave to file under seal **[ECF Nos. 10, 11] are GRANTED**. The Clerk of Court is directed to maintain the seal on ECF No. 12.

Dated: April 2, 2025

_____
Cristina D. Silva
United States District Judge